IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JOHN PEIRCE ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> EQUIFAX INFORMATION ) <br> SERVICES, LLC. ) <br> and ) <br> CREDIT BUREAU OF COUNCIL ) <br> BLUFFS. INC. d/b/a CREDIT ) <br> INFORMATION SYSTEMS ) <br> Defendants. ) <br> ) | Civil Action No. <br><br> 1:14-CV-1236-SCJ-AJB <br><br><br><br><br> JURY TRIAL DEMANDED |

**COMPLAINT**
**PRELIMINARY STATEMENT**

1. This is an action for damages brought by an individual consumer, John Peirce, against Equifax Information Services, LLC and Credit Bureau of Council Bluffs, Inc., d/b/a Credit Information Systems for violations of the Fair Credit Reporting Act (hereinafter the "FCRA"), 15 U.S.C. §§ 1681, *et seq*.

**THE PARTIES**

2. Plaintiff John Peirce is an adult individual residing in the state of Nevada.

3. Defendant, Equifax Information Services, LLC (hereafter "EQ") is a business entity that regularly conducts business in the Northern District of Georgia, and which has a principle place of business at 1550 Peach Tree Street, N.W., Atlanta, GA 30309.

Defendant Credit Bureau of Council Bluffs, Inc., d/b/a Credit Information Systems (hereafter "CIS") is a business entity that regularly conducts business in the Northern District of

Georgia, and which has a principle place of business 225 South Main Street, Council Bluffs, IA 51503.

## JURISDICTION & VENUE

4.     Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

5.     Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

## FACTUAL ALLEGATIONS

6.     Defendants have been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties (hereafter the "inaccurate information") from at least January 2014 through the present.

7.     The inaccurate information includes, but is not limited to, a public record judgment and personal information.

8.     The inaccurate information negatively reflects upon Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness. The inaccurate information consists of public record information, accounts, and/or tradelines that do not belong to the Plaintiff. Due to Defendant's faulty procedures, Defendants EQ and CIS mixed the credit file of Plaintiff and that of another consumer with respect to the inaccurate information and other personal identifying information.

9.     Defendants have been reporting the inaccurate information through the issuance of false and inaccurate credit information and consumer credit reports that it has disseminated to various persons and credit grantors, both known and unknown from at least January 2014 through the present.

10. Plaintiff has applied for and has been denied various loans and extensions of consumer credit on many different occasions, and Plaintiff has been informed that the basis for these denials was the inaccurate information that appears on Plaintiff's credit reports and that the inaccurate information was a substantial factor for those denials.

11. Plaintiff's credit reports and file have been obtained from Defendants and have been reviewed by prospective and existing credit grantors and extenders of credit, and the inaccurate information has been a substantial factor in precluding Plaintiff from receiving credit offers and opportunities, known and unknown. Plaintiff's credit reports have been obtained from Defendants by such third parties from at least January 2014 through the present.

12. CIS, in its capacity as a consumer reporting agency and a reseller of consumer information, obtains consumer credit information secondarily from EQ and the other two major credit reporting agencies. The consumer credit information maintained for individual consumers by the three major credit reporting agencies consists of public records information, including tax liens, account information and other consumer information. Once CIS receives the requested consumer credit information, it assembles and merges the information into a CIS consumer credit report, which it then sells to third parties.

13. In January 2014, CIS requested and obtained consumer credit information about the Plaintiff from Experian Information Solutions, Inc., Trans Union LLC. Neither provided any indication or any information about a civil judgment in response to CIS's request for Plaintiff's information.

14. In January 2014, CIS also requested and obtained consumer credit information about the Plaintiff from EQ. Based on information and belief, EQ was the only one of the major credit reporting that reported the civil judgment on Plaintiff's consumer credit report and that

included the civil judgment in Plaintiff's consumer credit file. CIS included the deceased notation obtained from EQ when it created its consumer report about the Plaintiff.

15. Prior to sale of its consumer report about Plaintiff, CIS did nothing to reconcile the inconsistent reporting of the civil judgment by the three major credit reporting agencies.

16. Additionally, CIS did nothing to investigate the conflicting information received from the three major credit bureaus about the civil judgment.

17. Notwithstanding the inconsistent reporting of the civil judgment from the three major credit reporting agencies, CIS sold a consumer credit report about the Plaintiff that included the civil judgment.

18. As a result of Defendants' conduct, Plaintiff has suffered actual damages in the form of credit denial or loss of credit opportunity, credit defamation and emotional distress, including anxiety, frustration, embarrassment and humiliation.

19. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

20. At all times pertinent hereto, the conduct of the Defendants as well as that of its agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of the Plaintiff herein.

## COUNT I – EQUIFAX
## VIOLATIONS OF THE FCRA

21. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

22. At all times pertinent hereto, Equifax was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

23. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

24. At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

25. Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Equifax is liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. §§ 1681e(b).

26. The conduct of Equifax was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to Plaintiff that are outlined more fully above and, as a result, Equifax is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## COUNT II – CIS
## VIOLATIONS OF THE FCRA

27. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

28. At all times pertinent hereto, CIS was a "person," a "consumer reporting agency," and a "reseller" as those terms are defined by 15 U.S.C. § 1681a(b), § 1681a(f) and § 1681a(u), respectively.

29. At all times pertinent hereto, the Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

30. At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

31. Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, CIS is liable to the Plaintiff for negligently and willfully failing to employ and follow reasonable procedures to assure maximum possible accuracy and privacy of Plaintiff's credit report, information and file, in violation of 15 U.S.C. § 1681e(b).

32. The conduct of CIS was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, CIS is liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorney's fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## JURY TRIAL DEMAND

33. Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendant, based on the following requested relief:

(a) Actual damages;

(b) Statutory damages;

(c) Punitive damages;

(d) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n, and 1681o; and

(e) Such other and further relief as may be necessary, just and proper.

                Respectfully submitted,

                **SKAAR & FEAGLE, LLP**

BY:   */s/ James M. Feagle*
        James Feagle, Esq.
        Georgia Bar No. 256916
        Skaar & Feagle, LLP
        108 E. Ponce de Leon Avenue
        Suite 204
        Decatur, Georgia 30030
        Telephone: (404) 373-1970
        Facsimile: (404) 601-1855

        Attorneys for Plaintiff

Dated: April 24, 2014